UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Oregon Laborers-Employers Health
& Welfare Trust Fund, et al.,

                        Plaintiffs,

      v.

Milne Masonry, Inc.,

                        Defendant.

No. CV05-1445-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiffs Oregon Laborers-Employers Health & Welfare Trust Funds and their trustees ("Trust Funds") brought this action under the Employee Retirement Income Security Act ("ERISA") at 29 U.S.C. § 1132(g)(2) and 29 U.S.C. § 145 claiming defendant Milne Masonry failed to pay required fringe benefit contributions. Before the court is Trust Funds' motion for summary judgment, to which Milne Masonry has not responded. Trust Funds asserts Milne Masonry has not raised any of the available defenses to an ERISA claim and that there is no issue of material fact because of Trust Funds' admissions. For the reasons set forth below, Trust Funds' motion (#10) is granted, including the award of attorney fees and costs, and Milne Masonry is ordered to make a complete accounting to Trust Funds of all additional contributions due from November 2005 to the date of this decision.

**Background**

      In January 1997, Milne Masonry entered into a labor agreement which obligated it to

PAGE 1 - OPINION AND ORDER

make payments to Trust Funds. These payments are termed fringe benefit contributions and they bankroll employees' health, welfare, pension, training, and vacation funds. Milne Masonry admits this court has jurisdiction over this action, that it was bound to make required contributions to the Trust Funds, and that it is delinquent in contributions due for the period August 2004 through May 2005. (Def.'s Answer at ¶¶ 1, 4, & 5).[1] Milne Masonry further admits that certain portions of the amounts Trust Funds claims are due, that the labor agreement provides for liquidated damages, and that 29 U.S.C. § 132 provides for a reasonable sum to be awarded Trust Funds as attorney fees. (Def.'s Answer at ¶¶ 6, 7, & 8). Trust Funds has determined Milne Masonry's total liability, covering the period of August 2004 through October 2005, is $56,584.71. $49,026.84 in delinquent contributions; $2,111.44 in interest; and $5,446.43 in liquidated damages.

## Discussion

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Evaluating whether a genuine issue of material fact exists requires the court to view the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine

---

[1] In addition to Milne Masonry's admissions in its answer to the complaint, Trust Funds' concise statement of facts is deemed admitted as Milne Masonry has failed to make any response to the motion for summary judgment. L.R. 56.1(f) ("For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied, or otherwise controverted by a separate concise statement of the opposing party.").

PAGE 2 - OPINION AND ORDER

issue exists for trial, the non-movant cannot then rest on the pleadings, but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).

"For an employer to be obligated to make employee benefit contributions to a trust fund, there must exist a binding collective bargaining agreement." *Sw. Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 773 (9th Cir. 1986). That said, however, the full panoply of contract defenses are not available when "actions [are] brought under . . . ERISA to collect delinquent trust fund contributions. *Id*; *see So. Cal. Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1265 (9th Cir. 1984). For example, fraudulent inducement to enter into a labor agreement is not a defense against an ERISA suit. *Sw. Adm'rs, Inc.*, 791 F.2d at 774. Instead, the available defenses are (1) fraud in the execution (fraud in factum) where the fraud "induces a party to believe the nature of his act is something entirely different than it actually is," and (2) termination of the collective bargaining relationship where employees have decertified their union as their representative. *Id; Sheet Metal Workers' Intern. Ass'n, Local 206 v. W. Coast Sheet Metal, Inc.*, 954 F.2d 1506, 1509 (9th Cir. 1992).

Here, Milne Masonry not only admits that it is bound by a labor agreement requiring fringe benefit contributions but that is delinquent in fulfilling that requirement. In addition, Milne Masonry does not assert either of the affirmative defenses mentioned above. Instead, its only real disagreement with Trust Funds relates to the amount due. However, Milne Masonry has failed to come forward with any evidence or argument to counter the detailed exhibits

PAGE 3 - OPINION AND ORDER

proffered by Trust Funds. *See* Def.'s Answer at ¶ 6 (Milne Masonry claims a lack of "information and belief sufficient to form a response concerning actual amounts claimed"). Where Trust Funds initially shows that no genuine issue exists for trial, Milne Masonry cannot then rest on the pleadings, but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It has failed to do so. Consequently, Trust Funds is entitled to judgment in its favor as a matter of law.

## Conclusion

Because there is no genuine issue of material fact for trial, Trust Funds' motion (#10) is GRANTED. Section 1132(g)(2) of Title 29 provides that any successful action against an employer for delinquent contributions requires the court to award the unpaid contributions, interest, liquidated damages provided for under the agreement, and reasonable attorney fees and costs. Thus, Trust Funds is AWARDED $56,584.71, and a later determination will be made regarding the amount of attorney fees and costs. This court also ORDERS Milne Masonry to make a complete accounting to Trust Funds of all additional contributions due from November, 2005 to the date of this decision.

DATED this 28th day of February, 2006.

       /s/ Michael W. Mosman
       MICHAEL W. MOSMAN
       United States District Court