UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Oregon Laborers-Employers
Health & Welfare Trust Fund et al.,

                Plaintiff,

     v.

Milne Masonry, Inc.,

                Defendant.

No. CV 05-1445-MO

OPINION re: Attorney's Fees & Costs

**MOSMAN, J.,**

      Plaintiffs filed their complaint in this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, alleging defendant Milne Masonry failed to pay required fringe benefits. Thereafter, plaintiffs filed a motion for summary judgment. Milne Masonry filed an answer to the complaint, but failed to respond to the motion for summary judgment. In February 2006, I found plaintiffs were entitled to summary judgment, and I granted their motion. Presently before me is plaintiffs' motion for attorney's fees (#21) and bill of costs (#20), to which Milne Masonry has also not responded. For the reasons explained below, plaintiff is awarded $8,650.50 in attorney's fees and $285.00 in costs.

      The district court has discretion to award attorney's fees in an ERISA action. 29 U.S.C. § 1132(g)(1); *Graphic Commc'ns Union, Dist. Council No. 2, AFL-CIO v. GCIU-Employer Ret. Ben. Plan*, 917 F.2d 1184, 1189 (9th Cir. 1990). The court's discretion is generally guided by

PAGE 1 - OPINION RE: ATTORNEY'S FEES & COSTS

five factors:

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of fees;
> (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;
> (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Id.* (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)).

At no time during the litigation of this case did Milne Masonry explain its failure to pay fringe benefits. Further, plaintiffs' counsel has demonstrated that he spent significant time working with Milne Masonry and its counsel attempting to resolve the case both before and after filing the complaint. Counsel also asserts that he tried to resolve the case without filing a motion for summary judgment by preparing a stipulated judgment, but that it was ultimately necessary to "file a Motion for Summary Judgment with supporting documentation to bring this matter to a conclusion short of trial." Pet. in Supp. of Mot. for Att'ys Fees at 2. At summary judgment, plaintiffs were awarded $56,584.71. Under these circumstances, I find an award of attorney's fees is appropriate.

Plaintiffs' counsel, Charles Colett, was admitted to the Oregon State Bar in 1979 and has focused on ERISA delinquency collection matters for over 15 years. As such, I find his requested rate, $175.00 per hour, reasonable. Likewise, the $60.00-per-hour paralegal rate is reasonable. As for the amount of time expended, given Milne Masonry's failure to resolve this case before proceeding to summary judgment even though it apparently had no intention of defending against summary judgment, I find the amount of time requested by plaintiffs' (42.90

hrs. for Mr. Colett; 19.05 hrs. for paralegal) is reasonable. Similarly, plaintiffs' bill of costs seeking $285.00 for the filing fee and service of process in this case is reasonable. Thus, plaintiffs' motion for attorney's fees (#21) and bill of costs (#20) are GRANTED in full.

IT IS SO ORDERED.

DATED this  28th  day of March, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court